[Civ. No. 526. Second Appellate District.—March 25, 1908.]

Application of GEORGE YUNG for Writ of Prohibition.

PROHIBITION—JURISDICTION OF JUSTICE'S COURT—MISDEMEANORS—POST-PONEMENT OF TRIAL AFTER MISTRIAL—DISCRETION—ABUSE—REM-EDY BY APPEAL.—The writ of prohibition will not lie to prevent a trial for misdemeanor in the justice's court, by reason of postponements of the trial, after mistrial resulting from failure of the jury to agree upon a verdict, where such postponements do not exceed the limit of sixty days. The court had discretion to postpone it for cause within that limit, and the suitable remedy for any abuse of its discretion is by appeal from the judgment upon a proper record.

APPLICATION for writ of prohibition to the Justice's Court of Orange Township, Orange County.

The facts are stated in the opinion of the court.

C. W. Pendleton, for Petitioner.

The COURT.—This is an application for a writ of prohibition to be directed to the justice court in and for Orange township, Orange county, California.

On November 14, 1907, petitioner was arrested under and by virtue of a warrant issued out of said justice court upon

a complaint charging him with the violation of a certain ordinance prohibiting the sale of liquor as in said ordinance provided. On February 24, 1908, he was duly brought to trial, but owing to the fact that the jury were unable to agree, a mistrial resulted. On the 27th of February following the case was, by an order of said justice court, set for trial on the ninth day of March, 1908, at 10 o'clock A. M. At said time petitioner, as defendant in said case, with his counsel appeared in said court and demanded that the trial of petitioner proceed. Said court, however, continued the trial of the case to March 10, 1908. Petitioner by his counsel thereupon moved the court for a dismissal of said charge against him, which motion was then and there denied. On March 10, 1908, the day to which the case had been continued, the same was called for trial, whereupon the justice of the court, assigning the absence of defendant's counsel as a reason for so doing, continued the trial of said charge against petitioner to March 26, 1908.

Petitioner contends that said postponements of the trial of said charge against him were by said court made without sufficient or any cause, and that by reason whereof said court has no jurisdiction to try said petitioner upon said charge. Under section 1052, Penal Code, the court was authorized, upon sufficient cause, to direct the postponement of the trial to another day. Jurisdiction to determine what constitutes sufficient cause to justify a continuance not to exceed sixty days is in the first instance vested in the sound discretion of the trial court. It cannot, by the exercise of the discretion thus vested in it, be deprived of jurisdiction to try the case so continued. By postponing the case the court did not lose jurisdiction to try it. The remedy, if there was an abuse of discretion in ordering the postponement of the trial without sufficient cause, is on appeal from the judgment, accompanied by a proper record. The question of the right to a dismissal under the provisions of section 1382, Penal Code, is not involved herein, for the reason that the trial was not postponed a period of sixty days beyond the date of the mistrial. (*Ex parte Ross*, 82 Cal. 109, [22 Pac. 1086] ; *People* v. *Chadwick*, 143 Cal. 116, [76 Pac. 884].) The question of abuse in this case cannot be reviewed upon an application for a writ of prohibition.

The writ is denied.